Bu the Court.

This case comes before us on an appeal from a final judgment and order the District Court of the first District, rendered in two several suits commenced, and orders of seizure obtained by the appellants, in the late Superior Court of the late Territory of Orleans. The important facts in the cause, relate to two plantations, possessed by Segur, previous to his failure and surrender of his property for the benefit of his creditors; one containing sixteen ar-pens front, purchased by him from Marigny and the other containing three arpens and one half front, purchased from Laronde and subject to a mortgage of 5,100 dollars. Segur, after the surrender of his property, it appears, sold the small tract to La Roche, by a private instrument; which sale his creditors did not consent to or oppose ; af-terwards, he sold, with the agreement and consent of the syndics of his creditors, the tract acquired from Marigny, to John B. Prevost, holding a *92 mortgage on it for the-price. Prevost also purchased from La Roche the smaller tract; at the same time, hypothecating it to secure the payment of the purchase money, and still subject to La-ronde’s mortgage. This being the situation of the property, on the 21st of March 1807, Brown, the appellee, purchased from Prevost both tracts, subject to the incumbrances, stated in the act of sale, for the sum of 50,700 dollars, t^ which sale the syndics of Segur’s creditors made themselves a party, accepting the agreement of Brown to pay them 18,000 dollars ; 9,000 of which were paid by him, previous to his absconding from this country, which, together with other payrñents made, left a balance, in favour of the syndics of 7721. dollars, independent of interest, as appears by the statement of the referees, appointed by the late Superior Court; and after going through a long calculation of interest, at the rate of 6 per cent, they make the total amount due to the syndics 11,382 dollars.
I. The first question, raised for the determination of the Court, relates to the right of the appellants to claim interest. There are three species of interest, known to our laws : bank interest at 6 per cent., conventional, and legal; the former cannot exceed 10 per cent, and the latter is fried at 5, and is by law recoverable, in all cases of rhoney due, from the date of, the judicial de *93 mand : it is also recoverable when no demand has been made, in cases where the debt is owing for things which, from their nature, may be supposed to produce revenue on fruits ; and it is expressly laid down in Domat, on the Civil law, in book 3, tit. 5, sect. 1 art. 4, that the purchaser of a farm owes interest, on the price which has -not been paid, agreeably to the terms of sale, altho’ no demand has been made, and even should he receive less revenue from the land, than the interest of the price.
The Judge of the District Court, we think was right in rejecting the calculation of interest at 6 per cent., being founded on a private agreement, between Prevost and the appellants, to which Brown was no party ; but there can be no doubt tfiat interest ought to be calculated, at the rate of 5 per cent., on the balance due by Brown to them, which together with the principal ought to be paid, out of the proceeds of the sale of the plantation.
II. The second, and most important question to be, decided in this suit, is, whether the appellants are properly subrogated to the rights of La-ronde, in the mortgage of 5,000 dollars on the small tract of 3 and 1-2 arpents front.
It is contended, on the part of the appellee, I. that the private sale, made by Segur to La Roche, is null and void, having been made after the *94 °f his property ; because he had no auto sell, that being vested in the syndics of his creditors alone.
2. That the syndics, representing the rights of the creditors, and making themselves a party to the sale, from Prevost to Brown, in which both tracts of land are included, are bound to quiet the purchaser, in his possession of the plantation thus sold, for the sum Stipulated in that sale, and consequently to free him from all previous incumbrances.
It may be properly admitted that Segur, after, the surrender of his property, to the use of his creditors, could not make a valid sale, or transfer of any part of it, without their consent. We are inclined to think that a sale, thus' made, is not absolutely void, ab initio ; but only such as may be avoided, and set aside, by the persons whose rights and interest may be injured by it; for by the Civil Code the surrender does not give the property to the creditors ; it only gives them the right of selling it for their benefit, and receiving the income till sold.
Brown’s claim to this portion of the land, purchased from Prevost, and the right of all claiming under him, are founded on the sale from Segur to La Roche; and, therefore, they cannot, on any principle, be allowed .to consider it as void. The only persons, who had a right to have it an *95 nulled, are the creditors of Segur, which so far from attempting, they have thought proper to remain silent on the subject, and, perhaps, would ⅜ v not now be permitted to make any objection, on account of their long acquiescence, and having been parties to acts transfering the property, under the authority of that sale, which must, therefore, be considered as good and valid. La Roche sold to Prevost the land, subject to Laronde’s mortgage, and, to secure the payment to himself of the price, agreed on between them had it hypothecat-ed for the sum of 7,000 dollars, of which S 1900 had been paid, by Prevost : leaving the balance due, 5,100 dollars the amount of Laronde’s mortgage. Since the sale to Brown, La Roche has paid to Laronde 2,500 dollars, on account of said mortgage, and was, by operation of law, subrogated for that amount to the rights of the mortgagee, being the purchaser of an immoveable property, and having employed the price of his purchase in paying a creditor, to whom the hereditament was mortgaged; and has since trans-fered his right, thus acquired, to the appellants, who have also paid, for the benefit of the creditors generally, the balance due on said mortgage and, by convention with Laronde, have been subrogated to his rights; so that, they are entitled to the whole amount, secured by that mortgage. Those rights have been acquired, since the sale to Brown by Prevost; consequently, *96 no act appellants, in becoming a party to that instrument of sale and transfer, can invalidate them.
The arguments of counsel, which would go to limit the syndics to the receipt of the sum alone, which the purchaser, Brown, agreed.to pay must fail, because they could not, by any act of theirs, affect the rights and interests of third persons and such, were La Roche and Laronde, to . whose rights they have since been subrogated, and are entitled to recover the amount of 5,000 dollars due on said mortgage with interest, as' calculated by the referees ; in their award returned to the late Superior Court; which together with the sum due on the mortgage of the tract sold by Segur, by the consent of his creditors, the Judge of the Court below ought to have ordered the Sheriff to pay to the appellants instead of the sum of 9,000 dollars. The judgment and order of the District Court must, therefore, be reversed; and we do order and decree that the Sheriff pay over to the appellants the sum of $ 17,688 17, with the costs of this appeal: and that the mortgage be cancelled and annulled.